UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

REX HOSKINS,

    Plaintiff,

vs.                              CASE NO: 8:17-CV-2286-T-23MAP

VETCOR, LLC,

    Defendant.
_____/

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release, hereinafter referred to as "the Agreement," is entered into this 18 day of July, 2018, by and between VETCOR, LLC, (hereinafter referred to as "VETCOR") and REX HOSKINS (hereinafter referred to as "HOSKINS"), in connection with the above styled litigation.

In this Agreement, the term "the Parties" means VETCOR and HOSKINS, collectively and individually and any parent corporations, subsidiaries, employees, agents, assigns, heirs, relatives, spouses and family members. In consideration of the mutual promises and conditions set forth herein and for other valuable consideration, the adequacy of which is acknowledged, the Parties agree to a settlement and general release pursuant to the terms and conditions herein:

1.    Settlement Proceeds. VETCOR agrees to pay, net of taxes and other lawful withholding, the total amount of Ten Thousand and 00/100 Dollars ($10,000.00) (hereinafter referred to as "the Settlement Payment") via three (3) separate checks, allocated as follows: (a) one check payable to HOSKINS in the amount of $1,920.00, less withholdings for alleged back pay (pursuant to Plaintiff's acceptance of Defendant's Offer of Judgment – See ECF No. 4); (b) one check payable to HOSKINS in the lump sum amount of $2,080.00 for alleged damages other than back pay (including liquidated damages), for which VETCOR will issue a Form 1099 to HOSKINS (pursuant to Plaintiff's acceptance of Defendant's Offer of Judgment – See ECF No. 4;

Page 1 of 9



this amount also includes additional compensation to Plaintiff for a general release); and (c) one check payable to Richard Celler Legal, P.A., in the amount of $6,000.00, representing attorneys' fees and costs incurred on HOSKINS's behalf, for which a 1099 shall be issued. HOSKINS agrees that the Settlement Payment represents consideration in addition to anything of value to which he already is entitled. Distribution of the Settlement Payment is contingent upon HOSKINS and his counsel signing an IRS Form W-9 and returning it to counsel for VETCOR. The Settlement Payment shall be paid within twenty (20) days from the Effective Date so long as HOSKINS has complied with all other conditions contained in this Settlement Agreement. HOSKINS hereby acknowledges that VETCOR has not made any representations concerning the taxability of the settlement proceeds or any portion thereof. In the event that any governmental agency determines that any taxes are due and owing with respect to any of the settlement proceeds, HOSKINS also agrees to indemnify and hold VETCOR and the RELEASEES harmless from and against any amounts determined by any governmental agency to be owed by reason of any failure to withhold or remit any taxes from the settlement proceeds, including, but not limited to, income taxes or FICA contributions. This indemnification also shall apply to any penalty, interest, or other sums, including attorney's fees, due and owing as a result of any failure to withhold or remit taxes

2. Costs and Fees. Except as otherwise stated in this Agreement, the Parties shall bear their own costs, attorneys' fees, and other expenses, if any, arising from the actions of their own counsel incurred in connection with the drafting and execution of this Agreement, the claims released by this Agreement, and the drafting and execution of any document referred to in this Agreement.

3. General Release. In consideration for the covenants contained herein, HOSKINS hereby irrevocably and unconditionally releases, acquits, and forever discharges VETCOR, all of VETCOR's past, present and future members, predecessors, successors, parents, subsidiaries, corporations, partnerships, trusts, affiliates, enterprises, franchisers, assigns, agents, insurers, directors, officers, employees, representatives, and attorneys, and all other persons acting by, through, under, or in concert with any of them (singly, collectively, and in all combinations thereof,

"RELEASEES"), from any and all past, present, and future charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, arbitrations, damages, actions, causes of actions, suits, rights, demands, attorneys' fees, costs, losses, debts and expenses, including, but not limited to, rights and claims arising under law or equity, including but not limited to The Fair Labor Standards Act, Title VII of the Civil Rights Act, 42 U.S.C. § 1981, Age Discrimination Employment Act, 29 U.S.C. § 626, et seq, the Older Workers Benefit Protection Act 29 U.S.C. §§ 621-630, as amended all other statutes, codes and ordinances, and the common law regarding discrimination, and all other common law claims, which HOSKINS now has, owns, holds, or claims to have, own or hold or which he at any time heretofore had, owned or held, or claimed to have, own or hold, from the beginning of the world to the date hereof arising out of, or relating to, HOSKINS's employment with VETCOR, including, but not limited to, any and all claims which were asserted or could have been asserted in *HOSKINS v. VETCOR, LLC,* Case NO. 8:17-CV-3304-T-23MAP, in the United States District Court for the Middle District of Florida in Tampa, Florida. This Release does not prohibit HOSKINS from filing an administrative charge or participating in an administrative investigation, hearing or proceeding or exercising any rights under the National Labor Relations Act. However, HOSKINS waives and releases any right to receive any individual remedies or to recover any individual damages, fees, costs or disbursements as the result of any such administrative charge or complaint.

In exchange for, and in consideration of, the benefits and other commitments described above, VETCOR knowingly and voluntarily releases and forever discharges, to the full extent permitted by law, HOSKINS, of and from any and all claims, known and unknown, accrued and unaccrued, asserted and unasserted, VETCOR has or may have against HOSKINS as of the date of execution of this Agreement. This Release shall not apply to rights or claims that may arise after the effective date of this Agreement. It is not the intent of this Agreement to waive or release any claim or right that cannot be lawfully released or waived through private agreement between the parties.

4. <u>Neutral Reference</u>. VETCOR shall provide a neutral verification of HOSKINS' employment with VETCOR to any prospective employer and such reference shall be limited to HOSKINS' job title and dates of employment.

5. <u>Dismissal of Claims</u>. Within ten (10) days after the Effective Date, HOSKINS will file a voluntary dismissal with prejudice of the Complaint against the VETCOR. Counsel for HOSKINS shall not disburse the settlement proceeds to HOSKINS until the Court has dismissed the case with prejudice.

6. <u>Releasees defined</u>. The Parties agree that the term "Releasees" includes, without limitation, all corporations, partnerships, trusts, affiliates, parents, subsidiaries, and business enterprises of any kind in which either Parties' owners, stockholders, predecessors, successors, parents, subsidiaries, corporations, partnerships, trusts, affiliates, enterprises, franchisers, assigns, agents, insurers, directors, officers, employees, representatives, attorneys, or any other person acting by, through, under, or in concert with any of them, owns any stock, partnership share or financial, legal or beneficial interest of any kind.

7. <u>Waiver</u>. HOSKINS agrees that the release set forth in paragraph 3 above is a general release. HOSKINS expressly waives and assumes the risk of any and all claims existing as of the date this Agreement is executed, including but not limited to any claims the Parties do not know of or suspect exists, whether through ignorance, oversight, error, negligence, or otherwise, and which, if known, would materially affect the Parties' decision to enter into this Agreement.

8. <u>Effective Date</u>. The Effective Date means the last date on which the last Party to the Agreement executes this Agreement and the Court has approved the terms of this Agreement.

9. <u>Waiver of Age Related Claims</u>  Because HOSKINS is over forty (40) years of age, and because he is waiving in this Agreement claims for age discrimination, then pursuant to the provisions of the Older Workers Benefit Protection Act, HOSKINS hereby acknowledges that he has read the entire agreement and specifically acknowledges the following:

      (a)    I understand the language of this Agreement, and any questions I may have had during the review of the Agreement were explained to me to my satisfaction and understanding;

      (b)    I understand that the waiver and release specifically includes a waiver of all rights and claims I have or may have under the Age Discrimination and Employment Act, 29 U.S.C. Section 626, et seq., and any other federal, state, or municipal law or regulation relating to age discrimination;

      (c)    I understand that I am not waiving any rights or claims that may arise after the date this Agreement is executed;

      (d)    The terms of this Agreement provide consideration to me to which I would not otherwise be entitled;

      (e)    I have been advised, and am again advised herein, to consult with an attorney and/or other professional of my own choosing, and have consulted with, or have had the opportunity to consult with, legal counsel and other persons of my own choosing regarding this matter prior to executing this Agreement; and

      (f)    I have had a reasonable time, of no less than twenty-one (21) days from the receipt of this document, to seek the advice and counsel of any professional of my own choosing prior to accepting the terms of and signing this Agreement. I may accept and sign this Agreement before expiration of the 21-day period, but I am not required to do so by Releasees.

10.    <u>Revocation of Release of Age Claims</u>. VETCOR has advised HOSKINS of his right to revoke the age discrimination release provisions of this Agreement for a period of seven (7) days after the date he executes this Agreement. The age discrimination release provisions of this Agreement will not become effective until the seven-day revocation period has elapsed or expired. All other provisions in this Agreement will become effective upon execution. If HOSKINS decides to exercise his right to revoke the age discrimination release provisions of this Agreement within the seven (7) days following the date he executes this Agreement, he shall not be entitled to any of the additional benefits provided to him under this Agreement. HOSKINS may revoke his release of Age claims by providing notice to Counsel for VETCOR, David W. Adams at P.O. Box 3300, Tampa, Florida 33601 within seven (7) days following his execution of this agreement.

11.    <u>No Admission of Liability</u>. The Parties have entered into this Agreement in order to avoid the substantial costs, inconvenience and uncertainties of litigation. The execution of this

Agreement or the consideration furnished by any party under this Agreement shall not be construed or considered to be an admission by either party of guilt, including but not limited to, noncompliance with any federal, state or local statute, law, rule, ordinance, regulation or guideline, constitution, public policy, contract law, common law, or any other wrongdoing, unlawful conduct, or breach of any duty whatsoever or that either party is subject to any liability.

12. Governing Law. This Agreement shall be construed and governed in accordance with the laws of the State of Florida.

13. Liability for Expenses. If, at any time after the execution of this Agreement, it is established that either party to this Agreement has violated its terms, the other party shall have the right to seek appropriate relief, including, but not limited to, an injunction restraining further violations, damages, and attorneys' fees and costs, as appropriate. The prevailing party in any action to enforce this Agreement shall be entitled to an award of their reasonable attorneys' fees and costs.

14. Waiver of Breach. The waiver by any Party of a breach of any provision of this Agreement by the other party shall not operate or be construed as a waiver of any subsequent breach of that or any other provision by said party.

15. Binding Effect. The rights and obligations of the Parties under this Agreement shall inure to the benefit of and shall, upon Court approval of the terms of the settlement be binding upon their heirs, successors and assigns.

16. Authority. The Parties warrant that the person signing this Agreement is fully authorized to execute this Agreement and bind the Parties to its terms. By signing this Agreement, the undersigned Parties acknowledge that their representative have authority to execute it, understand its terms, and agree to be bound by them and their successors and assigns, together with any heirs, personal representatives, beneficiaries, predecessors, successors, subsidiaries or affiliated corporations, partnership or other business entities and the agents, employees, officers, directors, stock holders, partners, successors and assigns thereof are bound by its terms. The representatives of VETCOR and HOSKINS who execute this Agreement on behalf of the

respective Parties hereby agree to personally indemnify and forever hold harmless any of the respective Parties from any and all actions, causes of action, claims or demands that may be brought against any party to this Agreement by anyone for the unauthorized signing of this Agreement or for the failure of a party to procure the proper authorization prior to signing this Agreement. The Parties represent and warrant that no other person or entity has or had any interest in the claims, demands, obligations, or causes of action referred to in this Agreement, except as otherwise set forth herein, that the persons executing this Agreement have the sole right and exclusive authority to execute it and receive such sums specified herein, and that the Parties have not sold, assigned, transferred, conveyed or otherwise disposed of any of the claims, demands, obligations, or causes of action referred to in this Agreement, including, but not limited to, those referred to in paragraph 3 above.

17. Modification. This Agreement may not be altered, amended, modified, or terminated except by an instrument in writing executed by the Parties. This provision is intended to eliminate any common law rights or remedies either party may have to enforce an alleged oral modification of this Agreement. The parties specifically intend all modifications to be in writing and agree that any reliance on an alleged oral modification of this Agreement shall be deemed unreasonable as a matter of law and the alleged modification unenforceable.

18. Representation. Each of the Parties hereto acknowledge it has been represented by legal counsel of its own choice throughout all negotiations which preceded the execution of this Agreement, and that it has executed this Agreement having had the benefit of the advice of such legal counsel.

19. Severability. The Parties agree that if any provision in this Agreement is held to be invalid, illegal or unenforceable, either legislatively or judicially, that provision will be severed from the Agreement, and the remainder of this Agreement will continue to be valid and enforceable, unless such determination of invalidity shall deprive either Party of the substantial benefit of its bargain. The Parties agree that a determination that HOSKINS's release of claims herein is invalid shall deprive VETCOR of the substantial benefit of its bargain.

20. <u>Interpretation.</u> The Parties acknowledge that they and their counsel have had the opportunity to participate in the negotiation and drafting of this Agreement. The Parties agree that the rule of construction that any ambiguity in a contract is to be resolved against the drafting party shall not be applied in the interpretation of this Agreement.

21. <u>Entire Agreement.</u> The Parties hereto agree that this Agreement constitutes the entire agreement between VETCOR and HOSKINS, and that it supersedes all other agreements, oral or written, between or among them relating to any matters covered by this Agreement.

22. <u>Counterparts/Electronic Storage.</u> This Agreement may be executed by the parties in separate counterparts and/or electronically, each of which shall be deemed to constitute an original. Such counterparts, when taken together, will constitute the entire agreement between the parties. Any counterpart, upon being signed and photocopied or transmitted by facsimile or .pdf, will be as effective as if the signature on the photocopy or transmitted copy appeared on the original. The parties may transact business by electronic means for the execution of this Agreement and both parties are authorized to convert this Agreement into a digital form and destroy the original and that any subsequent reproduction of an electronically-stored version of this Agreement that may later be produced shall have the same full force and effect as the destroyed original, for all purposes, including admissibility into evidence in all jurisdictions and tribunals.

23. <u>Venue.</u> The Parties to this action agree that any action brought to enforce this Agreement shall be brought in the United States District Court for the Middle District of Florida, or in the Circuit Court in and for Hillsborough County, Florida, wherever the appropriate jurisdiction is applicable.

24. <u>Informed Agreement.</u> Each party hereto represents and agrees that it has carefully read and fully understands all of the provisions of this Agreement. Each party hereby signifies its agreement to the above terms by its signature below.

**PLEASE READ CAREFULLY. THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE INCLUDES A GENERAL RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

24. <u>Informed Agreement</u>. Each party hereto represents and agrees that it has carefully read and fully understands all of the provisions of this Agreement. Each party hereby signifies its agreement to the above terms by its signature below.

**PLEASE READ CAREFULLY. THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE INCLUDES A GENERAL RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

**HOSKINS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST THE RELEASED PARTIES.**

VETCOR, LLC

By: *[signature]*

Its: *Paul Huscar, CEO VetCo-LLC*

Date: *July 31, 2018*

REX HOSKINS

*[signature]*

Date: *18 Jul 18*